## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| OSCAR GARNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-CV-1579 SPM |
| ) | |
| RICHARD ADAMS, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

Self-represented plaintiff Oscar Garner brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. ECF No. 1. The matter is now before the Court on Plaintiff's motion for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. While incarcerated, Plaintiff has brought more than three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. As discussed below, Plaintiff is subject to the three strikes rule, 28 U.S.C. § 1915(g). Accordingly, the Court will deny Plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. 2; deny his "motion to grant injunction for institution to give plaintiff a 6-month certified statement," ECF No. 3; and dismiss the complaint without prejudice subject to refiling as a fully paid complaint.

### The Complaint

Plaintiff Oscar Garner, an inmate at the Eastern Reception Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri, filed the instant action pursuant to 42 U.S.C. § 1983. Plaintiff names the following defendants: (1) Richard Adams, Chief Administrative Officer; (2) Jane Doe-1, Health Service Administrator; (3) John Doe-1, Assistant Warden; (4) John Doe-2, Functional Unit Manager; (5) John Doe-3, Responsible Physician; (6) John Doe-5, Sergeant; (7)

Jane Doe-2, Medical Tech; and (8) Mr. Jones, Caseworker. Plaintiff sues some Defendants in their official capacity only, others in their individual capacity only, and the remainder in both capacities.

Plaintiff states that, on October 9, 2024, he was placed in segregation and handcuffed to a bench from around 10:00 a.m. to 3:55 p.m. Plaintiff asked for medical attention before and after the handcuffs were removed because his left wrist was bleeding and swollen. He claims each request was denied. He further alleges he has asked for and was denied Hyoscyamine, a prescription for irritable bowel syndrome (IBS).

Plaintiff further states that, on October 30, 2024, he asked to be seen by medical because of headaches, coughing, and issues breathing due to inmates smoking K2.[1] He alleges his request was ignored. He then indicates he made two more requests, on November 1 and 9, 2024, for Hyoscyamine, but neither request was answered. Plaintiff claims he suffers from pain, constipation, and blood in his stool when he is not given Hyoscyamine.

Additionally, Plaintiff claims he has asked for his legal mail and a Koran, but those requests have been ignored as well. He further complains that his lawyer tried to call him twice, but he was unable to speak to him.

For relief, Plaintiff seeks $50,000 in compensatory damages, $30,000 in punitive damages, and an order requiring the ERDCC to provide sick call visits to inmates in segregation.

## Discussion

Plaintiff seeks leave to commence this § 1983 action without prepayment of the required filing fee. Plaintiff has had more than three previous cases dismissed on the basis of frivolity or

---

[1] "K2 [or] spice refers to a class of chemicals called synthetic cannabinoids" that do not contain tetrahydrocannabinol (THC). *See WebMD*, available at https://www.webmd.com/vitamins/ai/ingredientmono-1576/k2-spice (last visited Jan. 8, 2025).

failure to state a claim. As such, his instant motion to proceed *in forma pauperis* will be denied and his case will be dismissed without prejudice to refiling as a fully paid complaint.

## A. Three Strikes Rule

The Prison Litigation Reform Act of 1996 ("PLRA") enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain *in forma pauperis* status is limited if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This section does not apply unless the inmate litigant has three strikes at the time that he files his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

## B. Plaintiff's Previous "Strikes"

Review of Plaintiff's litigation history in the federal court system shows that Plaintiff accumulated at least three "strikes" in the Eastern and Western Districts of Wisconsin. *See Garner v. Huibregtse, et al.*, No. 3:09-cv-301-SLC (W.D. Wis. July 28, 2009) (district court dismissed Plaintiff's action for failure to state a claim based on res judicata, and assessed a strike under 28 U.S.C. § 1915(g)); *Garner v. Kirby*, No. 3:14-cv-545-JDP (W.D. Wis. Feb. 9, 2017) (district court

3

dismissed Plaintiff's action for factual frivolousness, and assessed a strike under 28 U.S.C. § 1915(g)); and *Garner v. Hill, et al.*, No. 2:17-cv-51-LA (E.D. Wis. Mar. 1, 2017) (district court dismissed Plaintiff's action for failure to state a claim, and assessed a strike under 28 U.S.C. § 1915(g)). Based on Plaintiff's previous filings, the United States District Court for the Western District of Wisconsin specifically determined that Plaintiff was subject to the three-strikes provision of 28 U.S.C. § 1915(g). *See Garner v. Esser, et al.*, No. 3:17-cv-561-JDP (W.D. Wis. Sept. 13, 2017 (discussing Plaintiff's prior strikes and determining that he could not proceed *in forma pauperis*).

In addition, this Court has denied Plaintiff leave to proceed *in forma pauperis* and dismissed three of his complaints based on his having accumulated at least three strikes. *See Garner, et al. v. Keen, et al.*, No. 4:20-cv-1690-RLW (E.D. Mo. May 13, 2021) (denying Plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) and dismissing without prejudice to the refiling of a fully-paid complaint); *Garner v. Keen, et al.*, No. 4:21-cv-876-MTS (E.D. Mo. July 27, 2021) (same); *Garner v. John Doe 1, et al.*, Case No. 4:24-cv-300-SPM (denying Plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) and for failure to exhaust his claims). The Court notes that Plaintiff accumulated his strikes before the filing of his complaint on November 25, 2024.

As a result of Plaintiff's previous filings and dismissals, this Court is unable to permit Plaintiff to proceed *in forma pauperis* in this matter unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). An otherwise ineligible prisoner must be in imminent danger at the time of filing the complaint; allegations of past imminent danger are insufficient to trigger the exception to § 1915(g). *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). *Id.* Furthermore, the prisoner

4

must present "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Here, Plaintiff's allegations do not demonstrate that he is in imminent danger of serious physical injury, or that he is at any risk of impending harm. Plaintiff alleges he asked to see a doctor for three reasons: (1) his wrists were bleeding and swollen after being handcuffed; (2) he wanted to receive medication for irritable bowel syndrome; and (3) he was coughing and having some issues with breathing after being exposed to second hand "K2" smoke. "[A] physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm." *Hill v. Tate*, No. 1:23-CV-3-CDP, 2023 WL 2263203, at *3 (E.D. Mo. Feb. 28, 2023) (quoting *Gresham v. Meden*, 938 F. 3d 847, 850 (6th Cir. 2019)).

Plaintiff's handcuffing issue occurred in October of 2024. Although he pleads that he still has some "swelling" and is "numb at times," such issues are not putting him in immediate or imminent danger. Similarly, being exposed to second-hand smoke or experiencing constipation and related IBS symptoms, does not rise to imminent danger of serious physical injury or indicate that he is at any risk of impending harm. *See e.g. Phillips v. St. Louis Cnty.*, No. 4:24-CV-89 RLW, 2024 WL 639534, at *2 (E.D. Mo. Feb. 15, 2024) (conclusory allegation that inmate has been denied IBS medication does not suffice as an exception to the three strikes rule); *Wilson v. Riley*, 2007 WL 3120133, at *1 (M.D. Ala. Oct. 23, 2007) ("While second hand smoke can cause health problems, these potential ailments are not sufficiently imminent to allow inmate an exception to the frequent filer provision of 28 U.S.C.1915(g)."). Notably, Plaintiff neglects to inform the Court who purportedly diagnosed him with IBS or prescribed him the drug Hyoscyamine for the alleged

5

treatment of IBS.[2] The remainder of his allegations involving his legal mail, a telephone call with his attorney, and lack of a Koran also do not rise to the imminent danger level required.

Because Plaintiff has failed to show that the exception to the three-strikes provision in 28 U.S.C. § 1915(g) applies to him, the Court will deny his motion for leave to proceed *in forma pauperis* and will dismiss this action without prejudice to Plaintiff refiling a fully paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** to Plaintiff refiling a fully paid complaint. *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's "motion to grant injunction for institution to give plaintiff a 6-month certified statement" [ECF No. 3] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this January 16, 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff previously attempted to avoid the three strikes provision by citing to his IBS symptoms in *Garner v. Doe 1*, Case No. 4:24-CV-00300-SPM (E.D. Mo. Feb. 26, 2024). This Court found that Plaintiff failed to show that the exception to the three strikes provision in 28 U.S.C. § 1915(g) applied to him. *Garner*, 2024 WL 2381837, at *11.